UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HOWARD J. DANZIG,  )<br>  )<br>  Plaintiff(s),  )<br>  )<br>  vs.  )<br>  )<br>BUTLER COUNTY, et al.,  )<br>  )<br>  Defendant(s).  ) | Case No. 1:06CV00147-ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Butler County, Missouri, Joe Humphrey, Jeff Darnell, and Robert Myers' Motion to Dismiss Plaintiff's Complaint [doc. #5], Defendants Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphy, P.C. and Michael P. Murphy's Motion to Dismiss [doc. #9], Defendants Judge Lloyd Cueto and Judge Jan V. Fiss's Motion to Dismiss [doc. #16], and Plaintiff Howard Danzig's Motion to Strike [doc. #38].

## **I. BACKGROUND**

Plaintiff has filed suit against three distinct groups of Defendants, and each group has filed a separate Motion to Dismiss. The first set consists of Defendants Butler County, Missouri, Joe Humphrey, the Presiding Commissioner of Butler County, Jeff Darnell, an Associate Commissioner of Butler County, and Robert Myers, an Associate Commissioner of Butler County (collectively "Butler County Defendants"). The second set consists of Defendants Michael P. Murphy individually, and the law firm of Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphy, P.C. (collectively "Murphy Defendants"). The third set consists of Defendants Judge

1

Lloyd Cueto and Judge Jan V. Fiss, circuit court judges for the State of Illinois (collectively "Judicial Defendants").

Plaintiff was sued in the circuit court of St. Clair County, Illinois. All of Plaintiff's allegations stem from the ongoing Illinois state court proceeding, in which the Defendants are involved, either as Judge, plaintiff, or plaintiffs' counsel. Specifically, Plaintiff challenges the Illinois state court's exercise of venue over the Plaintiff. All allegations relate to the Defendants' alleged attempt to wrongfully assert venue over the Plaintiff in Illinois, resulting in an alleged violation of his due process and equal protection rights under the Fifth and Fourteenth Amendments. According to Plaintiff's Complaint, the Illinois state court proceedings are ongoing. It is unclear to what extent Plaintiff has challenged venue in the state court proceeding. Plaintiff seeks to impose liability, in the form of money damages, on Defendants for their respective roles in forcing Plaintiff to defend an action in an inconvenient forum. Defendants seek to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). All pending motions are fully briefed and will be addressed by this Court.

## II. MOTION TO STRIKE

As well as responding to Defendants' Motions to Dismiss, the Plaintiff has also filed a Motion to Strike the Judicial Defendants Reply Memorandum in support of their Motion to Dismiss.

The Federal Rules provide that

> upon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

Fed. R. Civ. P. 12(f). The Plaintiff moves this Court to strike the Judicial Defendants' Reply Memorandum in support of their Motion to Dismiss. Plaintiff's motion requires only a brief response, as Rule 12(f) by its terms, applies only to pleadings, and not to a memorandum filed in support of a motion to dismiss. A pleading is defined in the Federal Rules as "a complaint and an answer; a reply to a counterclaim. . .; an answer to a cross claim. . .; a third-party complaint. . .; and a third party answer. . .. No other pleading shall be allowed. . .." Fed. R. Civ. P. 7(a). Furthermore, even if a motion under Rule 7(a) were the appropriate vehicle for challenging the Judicial Defendants Reply Memorandum, Plaintiff provides no legal basis for doing so. The Judicial Defendants filed a reply in accordance with the Federal Rules of Civil Procedure, and the Eastern District of Missouri Local Rules. Rule 4.01(C) states that "within five (5) days of being served with a memorandum in opposition, the moving party may file a reply memorandum." E.D.Mo. R. 4.01(C). The Judicial Defendants' Reply Memorandum was timely filed in accordance with the rules and therefore will be considered by this Court. Plaintiff's Motion to Strike Defendants' Reply is denied.

### III. MOTIONS TO DISMISS[1]

#### A. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party,

---

[1] For the sake of simplicity, the Court will address each allegation against each set of Defendants. Where the arguments are repetitive, the Court will simply reference the relevant analysis.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). However, "in practice, the complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S.Ct. at 1969 (emphasis in original). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic Corp.*, 127 S.Ct. at 1969.

### B. BUTLER COUNTY DEFENDANTS

Plaintiff alleges five counts against the Butler County Defendants: Count 1 alleges that the Butler County Defendants willfully participated in "fixing venue" in the State of Illinois; Count 2 alleges that Plaintiff was denied access to the Courts of the State of Missouri by way of "Venue Fixing;" Count 3 alleges that Plaintiff was denied Equal Protection of the laws of Missouri; Count 4 alleges that he was denied due process of law due to the alleged venue fixing; and Count 5 alleges insurance fraud due to Defendants settlement with Plaintiff's insurance carrier in the underlying state court action. In addressing the Butler County Defendants' Motion to Dismiss, the Court is mindful that Plaintiff is pro se, and that at the motion to dismiss stage all reasonable inferences should be drawn in favor of Plaintiff.

### 1. Constitutional Claims

Plaintiff's first four causes of action relate to the Butler County Defendant's alleged venue fixing, in violation of Plaintiff's rights to equal protection and due process under the Fifth and Fourteenth Amendments of the United States Constitution. As there is no direct cause of action under the United States Constitution, the Court reads Plaintiff's Complaint to allege a cause of action under 42 U.S.C. § 1983. *See Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F.Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There simply is no direct cause of action arising under the Constitution itself against municipal officials for alleged constitutional violations."); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution."). As the Plaintiff is proceeding in this matter *pro se*, the Court will construe his complaint as one arising under 42 U.S.C. § 1983, although not specifically alleged by the Plaintiff.

42 U.S.C. § 1983 states, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ..

42 U.S.C. § 1983. In order to succeed on a claim under § 1983, Plaintiff must allege that he has been deprived of a federal constitutional or statutory right, and that the person acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("[T]wo-and only two-allegations are required in order to state a cause of action under the statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law."). Therefore, the question this Court must address is whether the Butler County Defendants acted in violation of a federally

5

protected right, when they filed suit against Plaintiff in the state court of Illinois; specifically that the Butler Defendants' violated his right to equal protection under the laws and his right to due process of law.

Plaintiff's claim of a due process violation under the Fourteenth Amendment[2] must allege sufficient facts to support either a procedural or substantive due process claim. Plaintiff's only allegation is that the Butler County Defendants fixed venue. This is insufficient to support either a procedural or substantive claim.

A procedural due process claim must allege facts that show Plaintiff was deprived of a liberty or property interest, *Post v. Harper*, 980 F.2d 491, 493 (8th Cir. 1992), without due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125 (internal citation omitted) (emphasis in original). Furthermore, there is no allegation that Plaintiff was not able to raise the question of venue before the Illinois state court, nor is there an allegation that the Illinois state court procedure for challenging venue was inadequate. Plaintiff has failed to allege that Defendants deprived him of a

---

[2]The Court notes that Plaintiff's complaint alleges a violation of his Fifth Amendment right to due process. As correctly stated by Defendants, only the Federal Government can violate Plaintiff's right to due process under the Fifth Amendment. *See Boyle v. City of Liberty, Missouri*, 833 F.Supp. 1436 (W.D.Mo. 1993) ("The Fifth Amendment protects against federal government invasion of civil liberties. The Due Process Clause of the Fifth Amendment does not limit actions of state officials." (Citing *Feldman v. United States*, 322 U.S. 487 (1944)). Rather, any allegation of due process violations against state actors must rest upon the Fourteenth Amendment. *Bartkus v. People of State of Ill*. 359 U.S. 121, 124 (1959) ("Since the new prosecution was by Illinois, and not by the Federal Government, the claim of unconstitutionality must rest upon the Due Process Clause of the Fourteenth Amendment."). Due to Plaintiff's pro se status, the Court will construe Plaintiff's due process violation claim as one arising under the Fourteenth Amendment.

constitutionally protected interest, or that he was deprived of such interest without due process. Therefore, Plaintiff's procedural due process claim is dismissed for failure to state a claim upon which relief can be granted.

Plaintiff has also failed to state a claim under the Fourteenth Amendment for a violation of his right to substantive due process. The Fourteenth Amendment protects certain fundamental liberty interests regardless of what process is provided. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Such fundamental rights and liberties must be "objectively, deeply rooted in this Nation's history and tradition, . . . and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Id.* at 720-721. "The doctrine of substantive due process is reserved for a narrow class of cases, usually involving some egregiously unfair or shocking act of governmental oppression." *Steuart v. Suskie*, 867 F.2d 1148, 1150 (8th Cir. 1989). Whether or not Plaintiff is correct that venue was improper in the State of Illinois, Plaintiff has failed to allege that he was denied a liberty interest that is so fundamental that its sacrifice destroyed both liberty and justice. *Washington*, 521 U.S. at 721. Although Plaintiff has alleged that it would have been more convenient to have his case heard in Missouri, Plaintiff has not alleged that having the case heard in Illinois denied him of a fundamental right. Therefore Plaintiff's allegation of a violation of his right to substantive due process is dismissed, since it fails to state a claim upon which relief can be granted.

Plaintiff also alleges that he was denied equal protection of the laws of the state of Missouri in violation of the Fourteenth Amendment to the Constitution. The Butler County Defendants argue that Plaintiff has failed to allege that he was treated differently than those similarly situated, and therefore has failed to state a claim for relief. The Court will briefly address Plaintiff's allegation.

7

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citing *Phyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiff has not alleged that he was treated differently than those similarly situated, but rather alleges only that because the Butler County Defendants sued Plaintiff in the State of Illinois, they deprived him of access to the courts of Missouri. He makes no allegations that other individuals who are residents of Missouri are not subject to the same venue and long arm provisions, and therefore fails to state a claim for an equal protection violation.

### 2. Insurance Fraud

Lastly, Plaintiff alleges that the Butler County Defendants committed insurance fraud. Specifically Plaintiff asserts that the Butler County Defendants settled with Plaintiff's insurance carrier and is now seeking an additional recovery for the same incident by suing Plaintiff in Illinois state court. The Butler County Defendants respond that it is unclear what Plaintiff is alleging under Count 5, however, assuming that Plaintiff alleges fraud under Missouri state law, Plaintiff has failed to meet the pleading requirements. The Court agrees with Defendant.

There is no federal common law fraud claim, therefore the Court assumes that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a Missouri state Law claim. Federal Rules of Civil Procedure require that a party plead fraud with particularity.[3] Fed. R. Civ. P. 9 ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). The elements of fraud under Missouri Common law are: "1) a

---

[3]Under the *Erie* doctrine, federal procedural rules govern in federal court, even when state substantive law is being applied.

representation, 2) its falsity and, 3) materiality, 4) the speaker's knowledge of its falsity or ignorance of its truth, 5) the speaker's intent that the representation be acted upon by the hearer in a manner reasonably contemplated, 7) the hearer's reliance on the truth of the representation, 8) the hearer's right to rely thereon, and 9) injury to the hearer proximately caused by that reliance." *Wion v. Carl I. Brown & Co.*, 808 S.W.2d 950, 953 (Mo.Ct.App. 1991); *see also Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. 1983) (same).

The only fact alleged by Plaintiff in support of his fraud claim, is that the Butler County Defendants settled with Plaintiff's insurance provider, and yet continued to seek redress against Plaintiff in Illinois state court. This allegation is inadequate, and therefore, Plaintiff's claim of insurance fraud is dismissed.

### C. MURPHY DEFENDANTS

Next, the Court addresses the Murphy Defendants' motion to dismiss. Plaintiff also alleges that Michael Murphy and his law firm were involved in "fixing venue" in the state of Illinois. Plaintiff alleges that the Murphy Defendants filed a frivolous lawsuit, violated Plaintiff's constitutional rights by denying Plaintiff access to the courts of Missouri and for fixing venue, civil conspiracy, violation of the Missouri cannons of professional responsibility, and insurance fraud. The Murphy Defendants assert that all claims should be dismissed for failing to state a claim. The Court will address each argument, in turn.

Plaintiff alleges that the Murphy Defendants filed a frivolous lawsuit against Plaintiff, and stirred up unjustified litigation in violation of the Missouri cannons of professional conduct. These allegations are based on the Murphy Defendants representation of the Butler County Defendants in the Illinois state court action. The Missouri Cannons of Professional Conduct state that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein,

9

unless there is a good faith basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." MO. RULES OF PROF'L CONDUCT R. 4-3.1. However, the rules also state that "[v]iolation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached[;]. . . [t]hey are not designed to be a basis for civil liability." *Id.* at Preamble. Even if Plaintiff had alleged facts to show a violation of the Missouri Rules of Professional Conduct, which he has not, that is insufficient to form the basis of a civil cause of action. Therefore, Plaintiff's allegations that the Murphy Defendants filed a frivolous lawsuit in violation of the Missouri Rules of Professional Conduct is dismissed.

In order to state a claim for a constitutional violation under 42 U.S.C. § 1983, the Plaintiff must show that the Murphy Defendants' conduct was state action, and as such subject to scrutiny under the Fourteenth Amendment. *Georgia v. McCollum*, 505 U.S. 42, 63 (1992) ("Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment, and private conduct, against which the Amendment offers no shield, no matter how unfair that conduct may be." (internal quotation and alterations omitted)). To determine whether a case involves state action the Supreme Court has adopted a two step approach.

> First, the Court will ask whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority. Next, it will decide whether, on the facts at issue, the parties who allegedly caused the deprivation of a federal right can appropriately and in all fairness be characterized as state actors.

*Id.* (internal citations omitted). The Supreme Court makes clear that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor." *Id.* at 64 (citing *Polk County v. Dodson*, 454 U.S. 312, 316 (1981)). The Murphy Defendants are not government actors, and

Plaintiff has failed to allege any facts to support a finding that they were acting under color of state law. The Murphy Defendants were acting in their capacity as legal counsel, and therefore not subject to suit under § 1983. Additionally, as stated above, Plaintiff has failed to sufficiently allege a constitutional violation under the Fourteenth Amendment either on the basis of his right to due process, or his right to equal protection under the law. Therefore Plaintiff's constitutional claims against the Murphy Defendants are dismissed.

The Court next addresses Plaintiff's allegations of civil conspiracy. 42 U.S.C. § 1985 provides the basis for a claim of conspiracy against those who conspire to deprive a person "of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). Unlike an action under 42 U.S.C. § 1983, § 1985(3) does not require state action, and can be used to reach private action. *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). An element of the cause of action under § 1985(3), which Plaintiff must allege, is that the Defendants had an "invidiously discriminatory motive." *Id.* at 102. "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id; see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-268 (1993) ("Our precedents establish that in order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, inter alia, . . . that some racial, or perhaps otherwise class based, invidiously discriminatory animus lay behind the conspirators' action . . . .." (internal citation omitted)). Plaintiff has failed to allege that the Murphy Defendants acted with such motive, nor has he alleged that he was treated differently because of his membership in a protected class. Plaintiff's allegation of civil conspiracy against the Murphy Defendants is dismissed.

Lastly, the Court addresses Plaintiff's allegations of insurance fraud. For the same reasons stated above, Plaintiff's claim of insurance fraud against the Murphy Defendants fails, because Plaintiff failed to plead fraud with particularity. Fed. R. Civ. P. 9. Plaintiff asserts no facts to support his allegation of fraud, rather he asserts that the Murphy Defendants acted fraudulently by settling with Plaintiff's insurance provider, and subsequently proceeding with a lawsuit against Plaintiff. This fails to meet any of the nine elements enumerated by the Missouri courts as required for a showing of fraud. Plaintiff's claim of insurance fraud against the Murphy Defendants is dismissed.

Plaintiff has failed to allege any claims against the Murphy Defendants upon which relief can be granted. There is no federal cause of action for "venue fixing," and Plaintiff cannot allege a constitutional claim against non-state actors. Even were Plaintiff able to show that the Murphy Defendants were state actors, he has failed to allege a cause of action under the Fourteenth Amendment. The Court also concludes that Plaintiff has failed to sufficiently plead a claim for filing a frivolous lawsuit, conspiracy, or for insurance fraud. Consequently all counts against the Murphy Defendants are dismissed.

**D. JUDICIAL DEFENDANTS**

Plaintiff also filed suit against Judge Lloyd A. Cueto, and Judge Jan V. Fiss alleging that the Judicial Defendants were negligent: 1) for failing to read the complaint, and therefore failing to discover that there was no diversity of citizenship and consequently no subject matter or personal jurisdiction; and 2) for failing to recognize that the lawsuit was frivolous on its face. Plaintiff also alleges that the Judicial Defendants conspired with the Butler County Defendants and the Murphy Defendants to deprive Plaintiff of the equal protection of the laws, due process of laws, and access to the courts of Missouri. Lastly, Plaintiff alleges that the Judicial defendants

assisted the Murphy Defendants and Butler County Defendants in fixing venue. The Judicial Defendants argue that the suit should be dismissed against them, as they are protected by judicial immunity; the Court agrees.

The Supreme Court has clearly held that judges are immune from suit for erroneous decisions. *See Forrester v. White*, 484 U.S. 219, 226-227 (1988). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Id*. It is clear that allowing such actions against judges for allegedly erroneous decisions would "manifestly detract from independent and impartial adjudication." *Id.* at 227. The protections judges receive is not provided at the expense of litigants; "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review. . .." *Id.* This type of judicial immunity has not been controversial, requiring only a determination of whether a judge's act was truly judicial. *Id.* ("Difficulties have arisen primarily in attempting to draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges.").

Plaintiff alleges that the Judicial Defendants violated his constitutional rights, as well as committed tortious acts against Plaintiff. However, all of these allegations stem from the Judicial Defendants involvement in the pending Illinois state court case; specifically, the failure of the Judicial Defendants to dismiss the case for improper venue, or lack of jurisdiction. As clearly stated by the Supreme Court, judges are immune from suit for erroneous decisions. *Forrester*, 484 U.S. at 226-227. *See also Danzig v. City of Dexter, Missouri*, Case No. 1:06cv00011-RWS, *2 (E.D.Mo. March 16, 2006) ("Judges are immune from personal liability for their actions performed in their capacity as judges."). Even assuming that the Judicial Defendants made an

erroneous decision, Plaintiff's claims against them still fail. The Judicial Defendants' Motion to Dismiss is granted.

## IV. CONCLUSION

All counts against all Defendants are dismissed. The Plaintiff has failed to state a claim upon which relief may be granted. Whether venue was improper in the Illinois state court is a matter for the Illinois court to determine. Plaintiff has failed to allege any facts which may support a claim for a constitutional violation, nor has Plaintiff alleged any facts which would support a claim of insurance fraud. The crux of Plaintiff's allegations is that venue is improper in Illinois; however, even assuming that venue is improper, Plaintiff has failed to allege that he was deprived of due process of law or equal protection of the law. Furthermore, he has failed to allege any facts that support a conspiracy between the Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Butler County, Missouri, Joe Humphrey, Jeff Darnell, and Robert Myers' Motion to Dismiss Plaintiff's Complaint [doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Freeark, Harvey, Mendillo, Dennis, Wuller, Cain & Murphey, P.C. and Michael P. Murphey's Motion to Dismiss [doc. #9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Judge Lloyd Cueto and Judge Jan V. Fiss's Motion to Dismiss [doc. #16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Howard Danzig's Motion to Strike [doc. #38] is **DENIED**.

Dated this 23rd Day of July, 2007.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE